**THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **LAURIE ALBRIGHT** | ) | No. 19 C_____ |
| | ) | |
| Plaintiffs, | ) | **JURY DEMAND** |
| | ) | |
| v. | ) | |
| | ) | |
| **AMERICAN GREETINGS CORPORATION,** | ) | |
| **NEW ALBERTSON'S INC.** d/b/a **JEWEL-OSCO** | ) | |
| and **RICHARD CARLSON** | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT**

Plaintiff Laurie Albright (Plaintiff), through her attorneys, respectfully submits her complaint against defendants American Greetings Corporation (American Greetings), New Albertson's Inc. d/b/a Jewel-Osco (Jewel-Osco) and Richard Carlson (Carlson).

**Nature of the Claims Alleged**

1.      Plaintiff worked for American Greetings as a merchandiser responsible for managing products displayed in various retail stores.  Jewel-Osco employed Carlson as a manager with supervisory authority in its Lockport, Illinois retail store.

2.      American Greetings and Jewel-Osco permitted Plaintiff to work at the Jewel-Osco location in Lockport subject to their written policies, practices and procedures which, among other things, assured workers that they would provide a reasonably safe and sexual harassment-free work environment.  Jewel-Osco also employed other individuals, including Carlson, subject to those same written policies, practices and procedures.

3.      On February 15, 2018, Plaintiff was sexually assaulted by Carlson while she was working at the Jewel-Osco in Lockport.

4.     Plaintiff was sexually assaulted by Carlson as the direct and proximate result of the failure of American Greetings and Jewel-Osco to provide a reasonably safe and/or harassment-free work environment at the Jewel-Osco in Lockport.

5.     Plaintiff was subjected to Carlson's sexual harassment and sexual assault while Carlson was working as a manager of the Jewel-Osco store and while Plaintiff was working for and/or providing services to American Greetings and Jewel-Osco, in the sole area provided her to engage in such activities while so employed.

6.      As a result, Plaintiff seeks damages against all defendants arising out of Carlson's sexual assault at the Jewel-Osco Lockport and for the failure of American Greetings and Jewel-Osco to fulfill their legal duty to ensure a reasonably safe working environment free from, among other things, sexual harassment and Carlson's aforementioned conduct.

## Parties, Jurisdiction and Venue

7.     Plaintiff resides within the Northern District of Illinois.

8.     Defendant Carlson resides within the Northern District of Illinois.

9.     Defendant American Greetings is a corporation doing business within the Northern District of Illinois.

10.     Defendant Jewel-Osco is a corporation doing business within the Northern District of Illinois.

11.     The Court has jurisdiction over the federal claims under 28 U.S.C. §§ 1331 and 1343.  The Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367.

12.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Plaintiff's claims arise out of incidents which occurred within this judicial district.

**Facts Common to All Claims**

13.     During the relevant time-period, Jewel-Osco operated a store in Lockport, Illinois and employed Carlson to work as a manager with supervisory authority over the individuals who worked at the store.

14.     Since approximately 2013, Plaintiff worked for American Greetings.

15.     American Greetings is the one of the largest producers of greeting cards and party products such as wrapping papers and decorations.

16.     Plaintiff's duties and responsibilities included managing and merchandising American Greetings products displayed inside retail stores.  One of the stores where Plaintiff was required to work was the Jewel-Osco in Lockport.

17.     In that capacity, American Greetings and Jewel-Osco had and exercised control over the conditions of Plaintiff's employment.

18.     While working for American Greetings at the Jewel-Osco in Lockport, Plaintiff was subjected to sexual harassment, and a severe and pervasive hostile work environment, at the hands of Carlson, Jewel-Osco's manager.

19.     On February 15, 2018, Plaintiff was sexually assaulted by Carlson.  Specifically, Carlson physically grabbed Plaintiff from behind, spun her around, and gave her a wet kiss.

20.     Carlson pled guilty to criminal charges arising out of his sexual assault.

21.     Based on the information available, before Plaintiff was sexually assaulted by Carlson, American Greetings and Plaintiff's direct supervisor were placed on notice that Carlson engaged in inappropriate and unwanted sexual conduct towards female workers and that he had the propensity to engage in the type of conduct that resulted in Plaintiff being sexually assaulted.

22.     For example, the day before Plaintiff was sexually assaulted by Carlson, she informed her direct supervisor that Carlson physically touched her on her backside in an inappropriate sexually suggestive way.  However, the next day, American Greetings required Plaintiff to go back to work at the Jewel-Osco where she was then sexually assaulted by Carlson.

23.     In addition, based on the information available and upon information and belief, before Plaintiff was sexually assaulted by Carlson, Jewel-Osco was aware and/or knew or should have known, of prior inappropriate sexual harassing conduct by Carlson generally and towards Plaintiff specifically.

24.     For these and other reasons, it was reasonably foreseeable and American Greetings knew or should have known that Carlson would and could perpetrate the type of sexual harassment and assault that Plaintiff suffered, yet American Greetings failed to undertake prompt corrective measures within its control.

25.     For these and other reasons, it was reasonably foreseeable and Jewel-Osco knew or should have known that Carlson would and could perpetrate the type of sexual harassment and assault that Plaintiff suffered, yet Jewel-Osco failed to undertake prompt corrective measures within its control.

26.     Based on the information available and upon information and belief, prior to Carlson's sexual assault on Plaintiff, American Greetings and Jewel-Osco were aware of but ignored and tolerated the fact that Carlson had a known history of engaging in sexually harassing conduct and the propensity to engage in such conduct in the future, from which a reasonable person could believe Carlson used sexual harassment to perform his management duties.

27.     After Plaintiff was assaulted, she engaged in protected activity by, among other ways, reporting these events, including Carlson's sexual assault, to American Greetings and the police and otherwise opposing unlawful workplace conduct.

28.     Since then, American Greetings has retaliated against Plaintiff for engaging in protected activity by, among other ways, giving her worse work assignments and unfairly criticizing her work, among other ways.

### COUNT I – ASSAULT
(Defendant Carlson and Jewel-Osco)

29.     Plaintiff incorporates ¶¶ 1-28 as ¶ 29 of this Count I.

30.     Carlson intentionally and unlawfully threatened Plaintiff with bodily injury by force with the apparent present ability to cause bodily injury and caused Plaintiff to reasonably fear imminent peril as a result of his actions.

31.     Carlson acted willfully, with actual malice, and with specific intent to harm Plaintiff.

32.     Carlson specifically intended to injure Plaintiff by causing her reasonable fear of imminent peril by threatening her with bodily injury by force with the apparent and present ability to cause such bodily injury.

33.     Jewel-Osco is liable for defendant Carlson's conduct as described herein under the doctrine of *respondeat superior* because defendant Carlson's attack was perpetrated while he was acting within the scope of his employment.

34.     As a direct and proximate result of this assault, Plaintiff has and will continue to suffer harm and damages, including but not limited to pain and suffering, emotional distress, humiliation, indignity, vexation and costs of treatment.

WHEREFORE, Plaintiff seeks entry of judgment including:

A.      In an amount in excess of $250,000 consisting of damages to adequately and fairly compensate her for the harm and loss sustained, reasonable attorney's fees and costs necessary to bring and prosecute this action;

B.      In an amount in excess of $500,000 consisting of punitive damages; and

C.      For such other and further relief as this Court may deem appropriate.

## COUNT II – BATTERY
### (Defendants Carlson and Jewel-Osco)

35.      Plaintiff incorporates ¶¶ 1-34 as ¶ 35 of this Count II.

36.      Carlson intentionally made violent, harmful, and unwanted offensive contact with Plaintiff by, among other ways, forcefully spinning her around and kissing her.

37.       Carlson acted willfully, with actual malice, with deliberate violence and with the specific intent to injure Plaintiff.

38.       Carlson specifically intended to injure Plaintiff by making violent, harmful, and offensive contact with her.

39.      Jewel-Osco is liable for defendant Carlson's conduct as described herein under the doctrine of *respondeat superior* because Carlson's attack was perpetrated while he was acting within the scope of his employment.

40.      As a direct and proximate result of this battery, Plaintiff has and will continue to suffer harm and damages, including but not limited to pain and suffering, emotional distress, humiliation, indignity, vexation and costs of treatment.

WHEREFORE, Plaintiff seeks entry of judgment including:

A.     In an amount in excess of $250,000 consisting of damages to adequately and fairly compensate her for the harm and loss sustained, reasonable attorney's fees and costs necessary to bring and prosecute this action;

B.     In an amount in excess of $500,000 consisting of punitive damages; and

C.     For such other and further relief as this Court may deem appropriate.

### COUNT III – NEGLIGENCE
(Defendants American Greetings and Jewel-Osco)

41.     Plaintiff incorporates ¶¶ 1-40 as ¶ 41 of this Count III.

42.     American Greetings, by and through its duly authorized agents, servants and/or employees, had and undertook a duty to provide a reasonably safe and harassment-free work environment to its employees, including Plaintiff.

43.     Jewel-Osco, by and through its duly authorized agents, servants and/or employees, had and undertook a duty to provide a reasonably safe and harassment-free work environment to its employees and others who worked at Jewel-Osco, including Plaintiff.

44.     Jewel-Osco, by and through its duly authorized agents, servants and/or employees had and undertook a duty to take action to monitor, supervise, discipline, and if warranted, remove from its stores any workers who, among other things, engaged in abusive, threatening, violent, sexually harassing conduct, and/or by physically assaulting and battering people, and/or engaging in uninvited and unauthorized sexual contact by, among other things, attempting to touch others working at Jewel-Osco.

45.     American Greetings and Jewel-Osco, by and through their duly authorized agents, servants and/or employees, breached the above stated duty of care by engaging in negligent, careless and reckless acts and/or omissions, including:

- Prior to the incidents described in this Complaint, Jewel-Osco knew or should have known that defendant Carlson was a mentally unstable person who subjected its employees, as well as others who were granted the privilege to work at its retail stores, to unwanted touchings, inappropriate sexual comments and other sexually harassing conduct which would place any reasonable person in fear of impending injury and/or harm, but took no action to more closely supervise, monitor and/or discipline Carlson and/or take other corrective actions as described in its written policies, to prevent such conduct from re-occurring and/or becoming more serious; and

- Prior to the incidents described in this Complaint, American Greetings knew or should have known that defendant Carlson had subjected female workers to unwanted touchings, inappropriate sexual comments and other sexually harassing conduct, but took no action to more closely supervise, monitor and/or take other corrective action, prevent such conduct from re-occurring or becoming more serious.

46.     As a direct and proximate result of one or more of the foregoing breaches, acts or omissions by American Greetings and/or Jewel-Osco, including the failure to properly supervise, monitor, discipline and/or take corrective actions with respect to Carlson, Plaintiff was seriously harmed and damaged in the manner further described in this count.

47.     American Greetings and/or Jewel-Osco acted in a grossly negligent and recklessly dangerous manner by, among other ways, failing to properly supervise, monitor, discipline and/or take other corrective actions with respect to Carlson's conduct.

WHEREFORE, Plaintiff seeks entry of judgment including:

A.      In an amount in excess of $250,000 for the pain, suffering, humiliation, and vexation suffered by her;

B.      In an amount in excess of $250,000 for punitive damages to punish and deter grossly negligent and reckless conduct;

C.    Enter an award of equitable and injunctive relief requiring American Greetings and Jewel-Osco to take steps necessary to fulfill its legal obligations to maintain a safe working environment and to demonstrate that those steps have and will be maintained in the future; and,

D.    For all other relief the Court deems just and appropriate.

### COUNT IV – VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT
(Sexual Harassment – Defendants American Greetings and Jewel-Osco)

48.    Plaintiff incorporates ¶¶ 1-47 as ¶ 48 of this Count IV.

49.    Plaintiff at all times pertinent hereto was a person protected by the provisions of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*

50.    Defendant American Greetings at all times relevant hereto, was an employer as defined by 42 U.S.C. § 2000e(b).

51.    Jewel-Osco at all times relevant hereto, was an employer as defined by 42 U.S.C. § 2000e(b).  Jewel-Osco was Plaintiff's indirect, joint and/or de facto employer for Title VII purposes under the circumstances and in light of the relationship between American Greetings, Jewel-Osco and Plaintiff.

52.    Plaintiff brings this cause pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*

53.    Plaintiff brings this cause subsequent to the timely filing of a charge of discrimination with the Equal Employment Opportunity Commission in which American Greetings and Jewel-Osco were the named respondents, a true and correct copy of which is attached hereto as Exhibit A and incorporated herein by reference.

54.    Plaintiff has filed this suit pursuant to Right to Sue Letters issued by the Equal Employment Opportunity Commission within the statutory time requirement, a true and correct copy of which is attached hereto as Exhibit B.

55.     In direct violation of the Civil Rights Act,  American Greetings and Jewel-Osco engaged in the discriminatory acts described in the Charge of Discrimination attached hereto as Exhibit A and incorporated herein by reference.

56.     The alleged discriminatory conduct was done with malice and/or with reckless indifference to Plaintiff's rights.

57.     In direct violation of the Civil Rights Act of 1964, 42 U.S.C. §§ 2200e, *et seq.*, Plaintiff was subjected to sexual harassment and a hostile work environment based on her sex (female) by engaging in the discriminatory acts alleged herein and arising out of, and related to, the Charge of Discrimination attached hereto as Exhibit A and incorporated herein by reference.

58.     As a result of the alleged discriminatory conduct, Plaintiff has suffered injury to her career, as well as other injuries for which she is entitled to actual, compensatory, and punitive damages, and equitable relief, under the Civil Rights Act of 1964.

WHEREFORE, Plaintiff seeks entry of judgment including:

A.     Order defendants to make Plaintiff whole by entering an order awarding Plaintiff actual, compensatory and punitive damages as determined by the fair and enlightened conscience of a jury as well as any affirmative relief necessary to eradicate the effects of defendants' unlawful employment practices;

B.     Award Plaintiff all reasonable costs and attorney's fees incurred in connection with this action;

C.     Award Plaintiff pre-judgment interest in an amount to be determined at the time of trial; and

D.    Grant all relief provided for by Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.* and/or any other relief as this Court deems just, necessary and proper.

## COUNT V – VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT
### (Retaliation – defendant American Greetings)

59.    Plaintiff incorporates ¶¶ 1-58 of this Complaint as ¶ 59 of this Count V.

60.    In direct violation of the Civil Rights Act of 1964, 42 U.S.C. §§ 2200e, *et seq.*, American Greetings retaliated against Plaintiff for engaging in protected activity and exercising her rights under federal law and the Civil Rights Act by engaging in the acts alleged herein and arising out of, and related to, the Charge of Discrimination attached hereto as Exhibit A and incorporated herein by reference.

61.    As a result of American Greeting's retaliatory conduct, Plaintiff has suffered injury to her career, as well as other injuries for which she is entitled to actual, compensatory and punitive damages, and equitable relief, under the Civil Rights Act of 1964.

62.    American Greeting's retaliatory conduct, as alleged here, was done with malice and/or with reckless indifference to Plaintiff's rights.

WHEREFORE, Plaintiff seeks entry of judgment including:

A.    Order defendant to make Plaintiff whole by entering an order awarding Plaintiff actual, compensatory and punitive damages as determined by the fair and enlightened conscience of a jury as well as any affirmative relief necessary to eradicate the effects of defendant's unlawful employment practices;

B.    Award Plaintiff all reasonable costs and attorney's fees incurred in connection with this action;

C.    Award Plaintiff pre-judgment interest in an amount to be determined at the time of trial; and

D.     Grant all relief provided for by Title VII of the Civil Rights Act of 1964, 42

U.S.C. §§ 2000e, *et seq.* and/or any other relief as this Court deems just, necessary and proper.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL CLAIMS**

Dated: July 19, 2019                              Respectfully submitted,

                                                  KULWIN, MASCIOPINTO & KULWIN, L.L.P.

                                                  By:   Jeffrey R. Kulwin
                                                        One of the Attorneys for Plaintiffs

Jeffrey R. Kulwin
KULWIN, MASCIOPINTO & KULWIN, L.L.P.
161 North Clark Street, Suite 2500
Chicago, Illinois 60601
T:  312.641.0300
F:  312.855.0350
Atty. No. 43136