## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LAURIE ALBRIGHT, | |
| Plaintiff, | CASE NO: 1:19-cv-04853 |
| -v- | |
| AMERICAN GREETINGS CORPORATION, NEW ALBERTSON'S INC. D/B/A JEWEL-OSCO AND RICHARD CARLSON, | Judge: Honorable Mary M. Rowland |
| | Magistrate Judge Jeffrey Cole |
| Defendants. | |

## JOINT STATUS REPORT FOR REASSIGNED CASE

Pursuant to this Court's minute order, dated September 6, 2019 [Dkt#14], the parties make

this joint status report for the above-captioned case:

I.      **Nature of the Case**

   a.   <u>Attorneys of Record</u>:

   Jeffrey R. Kulwin is the attorney for plaintiff Laura Albright.

   John M. Riccione, Brianna M. Skelly, Rachel R. Schaller and Ryan S. Burandt are attorneys for American Greetings Corporation.

   Jennifer Schilling and Orly Henry are attorneys for New Albertson's Inc. d/b/a Jewel-Osco.

   Robert S. Tengesdal and Anthony M. DeLongis is the attorney for Richard Carlson

   b.   <u>Basis for Federal Jurisdiction</u>:
   Pursuant to the allegations of the Complaint, jurisdiction is based on federal question as it pertains to the claims brought under Title VII of the Civil Rights Act and supplemental jurisdiction over the state law claims alleged.

   c.   <u>Description of Claims and Defenses</u>:
   Laurie Albright ("Plaintiff"), alleges that during her employment as a merchandiser of Defendant, American Greetings Corporation ("AGC"), she was subjected to sexual harassment and a hostile work environment based on her sex (female) while on the premises of a retail store operated by Defendant, New Albertson's Inc., d/b/a Jewel Osco

("Jewel-Osco"), at the hands of Defendant, Richard Carlson ("Carlson"), who was at all times employed by Jewel-Osco as an Assistant Store Director of the store. Plaintiff asserts claims for assault and battery against Carlson and, under the doctrine of *respondeat superior*, Jewel-Osco. Plaintiff asserts a claim for negligence against AGC and Jewel-Osco. Plaintiff claims that AGC and Jewel-Osco subjected to her sexual harassment in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e. Plaintiff also alleges that, after reporting Carlson's conduct to AGC, AGC retaliated against her.

AGC will argue in a motion to dismiss, pursuant to Rule 12(b)(6), that Plaintiff's claims fail as a matter of law. AGC anticipates arguing that Plaintiff cannot establish a claim for sexual harassment against AGC because she fails to plead that (i) she was subjected to an objectively hostile work environment; (ii) the alleged harassment was based on her sex; (iii) and there is a basis for employer liability against AGC. AGC will further argue that Plaintiff's claim for retaliation fails because she cannot establish that she suffered an adverse employment action after engaging in statutorily protected activity. Finally, AGC will argue that Plaintiff's claim against AGC for negligent supervision is barred by the exclusivity provision of the Illinois Worker's Compensation Act (the "IWCA"), 820 ILCS 305/1, *et seq.*, is preempted by the Illinois Human Rights Act (the "IHRA"), 775 ILCS 5/1-101, *et seq.*, and fails to plead facts necessary to state a claim under Section 317 of the Restatement (Second) of Torts.

Jewel-Osco will argue in a Rule 12(b)(6) motion to dismiss that Plaintiff's assault, battery, and negligence claims are preempted by the IWCA; her negligence claim is preempted by the IHRA; and Jewel-Osco may not be held vicariously liable for Carlson's alleged assault and harassment.

d. Plaintiff seeks damages related to all counts.

e. All parties have been served. Carlson's responsive pleading is due on or before September 23, 2019. Jewel-Osco's responsive pleading is due on or before September 24, 2019. AGC's responsive pleading is due on or before October 21, 2019.

## II. Discovery and Pending Motions

a. There are no motions currently pending.

b. The Parties believe that this case is in the MIDP Project.

c. Since the case was recently filed and the Defendants were recently served, no discovery has been issued.

d. There have been no substantive rulings in this case.

e. Jewel-Osco anticipates filing a motion to dismiss on or before September 24, 2019. AGC anticipates filing a motion to dismiss on or before October 21, 2019.

2

III. **Trial**
   a. A jury has been demanded.
   b. Trial is not set. The Parties anticipate the case should be ready for trial by September 2020.
   c. No final pretrial order date has been set.
   d. Trial may take five to seven days.

IV. **Settlement, Referrals, and Consent**
   a. No referral to the Magistrate Judge has occurred.
   b. Plaintiff and prior counsel for AGC and Jewel-Osco discussed settlement when the matter was before the EEOC. No settlement discussions have occurred since the lawsuit was filed.
   c. The parties have not agreed to request a settlement conference.
   d. Counsel have informed their respective clients of the possibility of proceeding before the assigned Magistrate Judge and the parties do not unanimously consent to that procedure.

Respectfully submitted by:

Jeffrey R. Kulwin
KULWIN, MASCIOPINTO & KULWIN, L.L.P.
161 North Clark Street
Suite 2500
Chicago, Illinois 60601
312-641-0300

## CERTIFICATE OF SERVICE

I, Jeffrey R. Kulwin, an attorney, certify that I caused copies of the foregoing to be served on the parties of record by electronically filing the document using the e-filing ECF system on September 19, 2019.

/s/ Jeffrey R. Kulwin