THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LAURIE ALBRIGHT,           )<br>                              )<br>    Plaintiff,            )<br>                              )<br>v.                             )         No. 19-cv-04853<br>                              )<br>AMERICAN GREETINGS   )<br>CORPORATION, NEW ALBERTSON'S )<br>INC. d/b/a JEWEL-OSCO, and  )         JURY DEMAND<br>RICHARD CARLSON          )<br>                              )<br>    Defendants.          )<br>                              ) | |

### DEFENDANT, RICHARD CARLSON'S
### ANSWER TO PLAINTIFF'S COMPLAINT AT LAW

NOW COMES Defendant, Richard Carlson "(Defendant"), by and through his attorneys, BOLLINGER, CONNOLLY, KRAUSE, LLC, and for his Answer to Plaintiff Laurie Albright's Complaint at Law, states as follows:

### Nature of the Claims Alleged

1. Plaintiff worked for American Greetings as a merchandiser responsible for managing products displayed in various retail stores. Jewel-Osco employed Carlson as a manager with supervisory authority in its Lockport, Illinois retail store.

**Answer: Upon information and belief, Defendant admits Plaintiff worked and or currently works for American Greetings as a merchandiser responsible for managing products displayed in retail stores. Defendant admits Jewel-Osco employed him as a manager in its Lockport, Illinois retail store. Defendant denies he had any supervisory authority over non-Jewel-Osco employees and denies he had any supervising authority over Plaintiff.**

2. American Greetings and Jewel-Osco permitted Plaintiff to work at the Jewel-Osco location in Lockport subject to their written policies, practices and procedures which,

1

among other things, assured workers that they would provide a reasonably safe and sexual harassment-free work environment. Jewel-Osco also employed other individuals, including Carlson, subject to those same written policies, practices and procedures.

**Answer: Defendant lacks knowledge or information sufficient to form a belief about the truth of whether American Greetings and Jewel-Osco permitted Plaintiff to work at the Jewel-Osco location in Lockport subject to their written policies, practices and procedures which, among other things, assured workers that they would provide a reasonably safe and sexual harassment-free work environment. Defendant admits he was employed by Jewel-Osco at all times relevant to the allegations in Plaintiff's complaint at law, but lacks knowledge or information sufficient to form a belief about the truth of the written policies, practices and procedures Carlson or Plaintiff was subject to.**

3. On February 15, 2018, Plaintiff was sexually assaulted by Carlson while she was working at the Jewel-Osco in Lockport.

**Answer: Defendant denies that he sexually assaulted Plaintiff and denies the remaining allegations contained in paragraph 3.**

4. Plaintiff was sexually assaulted by Carlson as the direct and proximate result of the failure of American Greetings and Jewel-Osco to provide a reasonably safe and/or harassment-free work environment at the Jewel-Osco in Lockport.

**Answer: Defendant denies each and every factual allegation contained in paragraph 4.**

5. Plaintiff was subjected to Carlson's sexual harassment and sexual assault while Carlson was working as a manager of the Jewel-Osco store and while Plaintiff was working for and/or providing services to American Greetings and Jewel-Osco, in the sole area provided her to engage in such activities while so employed.

**Answer: Defendant admits he was working as a manager of Jewel-Osco at all times relevant to the allegations made in Plaintiff's complaint. Defendant denies each and every remaining allegations contained in paragraph 5.**

6. As a result, Plaintiff seeks damages against all defendants arising out of Carlson's sexual assault at the Jewel-Osco Lockport and for the failure of American Greetings and Jewel-Osco to fulfill their legal duty to ensure a reasonably safe working environment free from, among other things, sexual harassment and Carlson's aforementioned conduct.

**Answer: Upon information and belief, Defendant admits Plaintiff's complaint at law speaks for itself. Defendant denies Plaintiff is entitled to any damages against himself or any other defendant in this matter. Defendant denies that he sexually assaulted Plaintiff at the Jewel-Osco Lockport, Illinois location or anywhere else. Defendant denies any sexual harassment against Plaintiff. Defendant denies the remaining allegations contained in this paragraph.**

### Parties, Jurisdiction and Venue

7. Plaintiff resides within the Northern District of Illinois.

**Answer: Upon information and belief, Defendant admits.**

8. Defendant Carlson resides within the Northern District of Illinois.

**Answer: Defendant admits.**

9. Defendant American Greetings is a corporation doing business within the Northern District of Illinois.

**Answer: Upon information and belief, Defendant admits.**

10. Defendant Jewel-Osco is a corporation doing business within the Northern District of Illinois.

**Answer: Upon information and belief, Defendant admits.**

11. The Court has jurisdiction over the federal claims under 28 U.S.C. §§ 1331 and 1343. The Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367.

**Answer: Defendant denies this Court has jurisdiction over the federal claims under 28 U.S.C. §§ 1331 and 1343 as Plaintiff has failed to sufficiently plead her federal claims against Jewel-Osco and American Greetings. Defendant denies this Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367.**

12. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Plaintiff's claims arise out of incidents which occurred within this judicial district.

**Answer: Defendant admits.**

### Facts Common to All Claims

13. During the relevant time-period, Jewel-Osco operated a store in Lockport, Illinois and employed Carlson to work as a manager with supervisory authority over the individuals who worked at the store.

**Answer: Defendant admits that Jewel-Osco operated a store in Lockport, Illinois and employed Carlson to work as a manager. Defendant denies he had any supervisory authority over Plaintiff. Defendant admits that he had supervisory authority for Jewel-Osco employees who were not his supervisor.**

14. Since approximately 2013, Plaintiff worked for American Greetings.

**Answer: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 14.**

15. American Greetings is the one of the largest producers of greeting cards and party products such as wrapping papers and decorations.

**Answer: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 15.**

16. Plaintiff's duties and responsibilities included managing and merchandising American Greetings products displayed inside retail stores. One of the stores where Plaintiff was required to work was the Jewel-Osco in Lockport.

**Answer: Defendant admits at certain times Plaintiff worked for her employer at Jewel-Osco in Lockport, Illinois. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragrph 16.**

17. In that capacity, American Greetings and Jewel-Osco had and exercised control over the conditions of Plaintiff's employment.

**Answer: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 17.**

18. While working for American Greetings at the Jewel-Osco in Lockport, Plaintiff was subjected to sexual harassment, and a severe and pervasive hostile work environment, at the hands of Carlson, Jewel-Osco's manager.

**Answer: Defendant denies each and every factual allegation contained in paragraph 18.**

19. On February 15, 2018, Plaintiff was sexually assaulted by Carlson. Specifically, Carlson physically grabbed Plaintiff from behind, spun her around, and gave her a wet kiss.

**Answer: Defendant denies each and every factual allegation contained in paragraph 19.**

20. Carlson pled guilty to criminal charges arising out of his sexual assault.

**Answer: Defendant denies each and every factual allegation contained in paragraph 20.**

21. Based on the information available, before Plaintiff was sexually assaulted by Carlson, American Greetings and Plaintiffs direct supervisor were placed on notice that Carlson engaged in inappropriate and unwanted sexual conduct towards female workers and

that he had the propensity to engage in the type of conduct that resulted in Plaintiff being sexually assaulted.

**Answer: Defendant denies that he ever sexually assaulted Plaintiff. Defendant denies that he ever engaged in inappropriate and unwanted sexual conduct towards female workers. Defendant denies that he ever had a propensity to engage in any type of conduct that resulted in Plaintiff being sexually assaulted.**

22. For example, the day before Plaintiff was sexually assaulted by Carlson, she informed her direct supervisor that Carlson physically touched her on her backside in an inappropriate sexually suggestive way. However, the next day, American Greetings required Plaintiff to go back to work at the Jewel-Osco where she was then sexually assaulted by Carlson.

**Answer: Defendant denies that he sexually assaulted Plaintiff. Defendant admits Plaintiff was present at Jewel-Osco on February 15, 2018. Defendant denies that he physically touched her on her backside in an inappropriate sexually suggestive way. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in ¶ 22.**

23. In addition, based on the information available and upon information and belief, before Plaintiff was sexually assaulted by Carlson, Jewel-Osco was aware and/or knew or should have known, of prior inappropriate sexual harassing conduct by Carlson generally and towards Plaintiff specifically.

**Answer: Defendant denies that he ever sexually assaulted Plaintiff. Defendant denies any prior inappropriate sexually harassing conduct generally and denies toward Plaintiff specifically. Defendant denies the remaining allegations contained in paragraph 23.**

24. For these and other reasons, it was reasonably foreseeable and American Greetings knew or should have known that Carlson would and could perpetrate the type of

sexual harassment and assault that Plaintiff suffered, yet American Greetings failed to undertake prompt corrective measures within its control.

**Answer: Defendant denies that he sexually assaulted or sexually harassed Plaintiff. Defendant denies the remaining allegations contained in paragraph 24.**

25. For these and other reasons, it was reasonably foreseeable and Jewel-Osco knew or should have known that Carlson would and could perpetrate the type of sexual harassment and assault that Plaintiff suffered, yet Jewel-Osco failed to undertake prompt corrective measures within its control.

**Answer: Defendant denies that he did or could perpetrate sexual harassment or assault against Plaintiff. Defendant denies the remaining allegations contained in paragraph 25.**

26. Based on the information available and upon information and belief, prior to Carlson's sexual assault on Plaintiff, American Greetings and Jewel-Osco were aware of but ignored and tolerated the fact that Carlson had a known history of engaging in sexually harassing conduct and the propensity to engage in such conduct in the future, from which a reasonable person could believe Carlson used sexual harassment to perform his management duties.

**Answer: Defendant denies any sexual assault on Plaintiff. Defendant denies ever engaging in sexually harassing conduct. Defendant denies that he used sexual harassment to perform his management duties. Defendant denies the remaining allegations contained in paragraph 26.**

27. After Plaintiff was assaulted, she engaged in protected activity by, among other ways, reporting these events, including Carlson's sexual assault, to American Greetings and the police and otherwise opposing unlawful workplace conduct.

**Answer: Defendant denies he sexually assaulted Plaintiff. Defendant lacks knowledge of information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 27.**

28. Since then, American Greetings has retaliated against Plaintiff for engaging in protected activity by, among other ways, giving her worse work assignments and unfairly criticizing her work, among other ways

**Answer: The allegations contained in this Paragraph are not directed against Defendant to which no answer is required. Notwithstanding, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 28.**

### COUNT I — ASSAULT
### (Defendant Carlson and Jewel-Osco)

29. Plaintiff incorporates ¶¶1-28 as ¶ 29 of this Count I.

**Answer: Defendant incorporates and re-alleges his answers to paragraphs 1-28 as though set forth in their entirety as his answer to paragraph 29.**

30. Carlson intentionally and unlawfully threatened Plaintiff with bodily injury by force with the apparent present ability to cause bodily injury and caused Plaintiff to reasonably fear imminent peril as a result of his actions.

**Answer: Defendant denies each and every factual allegation contained in paragraph 30. The allegations of this paragraph to Jewel-Osco are not directed against this Defendant. If the allegations against Jewel-Osco are directed against this Defendant, they are denied.**

31. Carlson acted willfully, with actual malice, and with specific intent to harm Plaintiff.

**Answer: Defendant denies each and every factual allegation contained in paragraph 31. The allegations of this paragraph to Jewel-Osco are not directed against this Defendant. If the allegations against Jewel-Osco are directed against this Defendant, they are denied.**

32. Carlson specifically intended to injure Plaintiff by causing her reasonable fear of imminent peril by threatening her with bodily injury by force with the apparent and present ability to cause such bodily injury.

**Answer: Defendant denies each and every factual allegation contained in paragraph 32. The allegations of this paragraph to Jewel-Osco are not directed against this Defendant. If the allegations against Jewel-Osco are directed against this Defendant, they are denied.**

33. Jewel-Osco is liable for defendant Carlson's conduct as described herein under the doctrine of *respondeat superior* because defendant Carlson's attack was perpetrated while he was acting within the scope of his employment.

**Answer: Defendant denies attacking Plaintiff. Defendant denies sexual assault and denies sexual harassment. Defendant denies the remaining allegations contained in paragraph 33. The allegations of this paragraph to Jewel-Osco are not directed against this Defendant. If the allegations against Jewel-Osco are directed against this Defendant, they are denied.**

34. As a direct and proximate result of this assault, Plaintiff has and will continue to suffer harm and damages, including but not limited to pain and suffering, emotional distress, humiliation, indignity, vexation and costs of treatment.

**Answer: Defendant denies an assault against Plaintiff. Defendant denies the remaining allegations contained in paragraph 34. The allegations of this paragraph to Jewel-Osco are not directed against this Defendant. If the allegations against Jewel-Osco are directed against this Defendant, they are denied.**

**COUNT II — BATTERY**
**(Defendants Carlson and Jewel-Osco)**

35. Plaintiff incorporates ¶1-34 as ¶35 of this Count II.

**Answer: Defendant incorporates and re-alleges his answers to paragraphs 1-34 as though set forth in their entirety as his answer to paragraph 35.**

36. Carlson intentionally made violent, harmful, and unwanted offensive contact with Plaintiff by, among other ways, forcefully spinning her around and kissing her.

**Answer: Defendant denies intentional conduct with Plaintiff. Defendant denies he made violent, harmful, and unwanted offensive contact with Plaintiff. Defendant denies that he forcefully spun Plaintiff and kissed her. Defendant denies the remaining allegations contained in Paragraph 36. The allegations of this paragraph to Jewel-Osco are not directed against this Defendant. If the allegations against Jewel-Osco are directed against this Defendant, they are denied.**

37. Carlson acted willfully, with actual malice, with deliberate violence and with the specific intent to injure Plaintiff.

**Answer: Defendant denies each and every factual allegation contained in paragraph 37. The allegations of this paragraph to Jewel-Osco are not directed against this Defendant. If the allegations against Jewel-Osco are directed against this Defendant, they are denied.**

38. Carlson specifically intended to injure Plaintiff by making violent, harmful, and offensive contact with her,

**Answer: Defendant denies he intended to injure Plaintiff. Defendant denies making violent, harmful, and offensive contact with Plaintiff. The allegations of this paragraph to Jewel-Osco are not directed against this Defendant. If the allegations against Jewel-Osco are directed against this Defendant, they are denied.**

39. Jewel-Osco is liable for defendant Carlson's conduct as described herein under the doctrine of *respondeat superior* because Carlson's attack was perpetrated while he was acting within the scope of his employment.

**Answer: Defendant denies any attack on Plaintiff. Defendant denies the remaining allegations contained in paragraph 39. The allegations of this paragraph to Jewel-Osco**

**are not directed against this Defendant. If the allegations against Jewel-Osco are directed against this Defendant, they are denied.**

40. As a direct and proximate result of this battery, Plaintiff has and will continue to suffer harm and damages, including but not limited to pain and suffering, emotional distress, humiliation, indignity, vexation and costs of treatment.

**Answer: Defendant denies any battery of Plaintiff. Defendant denies the remaining allegations of this paragraph. The allegations of this paragraph to Jewel-Osco are not directed against this Defendant. If the allegations against Jewel-Osco are directed against this Defendant, they are denied.**

WHEREFORE, Defendant, RICHARD CARLSON, respectfully requests this Honorable Court to enter an Order granting judgment in favor of Defendant and against Plaintiff, dismissing her Complaint with prejudice with costs to Defendant and for such other relief as this Court deems appropriate and just.

## COUNT III — NEGLIGENCE
### (Defendants American Greetings and Jewel-Osco)

As the allegations in this Count III are not directed to this Defendant, this Defendant offers no answer or response thereto. In the event any of the allegations in this paragraph are construed against this Defendant, this Defendant pursuant to Fed. R. Civ. Pro. 8 denies any and all of the allegations in this Count III.

## COUNT IV — VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT
### (Sexual Harassment — Defendants American Greetings and Jewel-Osco)

As the allegations in this Count IV are not directed to this Defendant, this Defendant offers no answer or response thereto. In the event any of the allegations in this paragraph are construed against this Defendant, this Defendant pursuant to Fed. R. Civ. Pro. 8 denies any and all of the allegations in this Count IV.

## COUNT V VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT
### (Retaliation — defendant American Greetings)

**As the allegations in this Count V are not directed to this Defendant, this Defendant offers no answer or response thereto. In the event any of the allegations in this paragraph are construed against this Defendant, this Defendant pursuant to Fed. R. Civ. Pro. 8 denies any and all of the allegations in this Count V.**

WHEREFORE, Defendant, RICHARD CARLSON, respectfully requests this Honorable Court to enter an Order granting judgment in favor of Defendant and against Plaintiff, dismissing her Complaint with prejudice with costs to Defendant and for such other relief as this Court deems appropriate and just.

## DEFENDANT DEMANDS A JURY TRIAL ON ALL CLAIMS

## AFFIRMATIVE DEFENSES

Without prejudice to the denials of the allegations contained in Plaintiff's Complaint at Law (Dkt. 1), Defendant, RICHARD CARLSON, without waiving the obligations of Plaintiff to prove every factual element of her claims states as and for her affirmative defenses as follows:

1. **Prayer for attorneys' fees barred**

In Illinois, parties to a lawsuit can only recover attorneys' fees if provided for by statute or in an agreement between the parties. *Ardt v. State*, 292 Ill. App. 3d 1059, 1063 (1st Dist. 1997). Plaintiff's claims against Defendant lie solely in the state law claims for the alleged intentional torts of assault and battery. There is no statutory provision or agreement between the parties to provide for such relief. Accordingly, Plaintiff's prayer for attorneys' fees must be barred.

2. **Lack of Subject Matter Jurisdiction**

Pursuant to Fed. R. Civ. P. 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." The only claims brought

against Defendant are state law claims for assault and battery. Accordingly, if at any time the anchor federal claims are dismissed, Plaintiff's state law claims must be dismissed.

WHEREFORE, Defendant, RICHARD CARLSON, respectfully requests that this Honorable Court enter an Order granting judgment in favor of Defendant and against Plaintiff dismissing her Complaint at Law (Dkt. 1) with prejudice and costs to Defendant and for such other relief as this Honorable Court deems appropriate and just.

                                          Respectfully Submitted,

                                          RICHARD CARLSON,

                                          By:   */s/Anthony M. DeLongis*
                                          One of Richard Carlson's Attorneys

Robert S. Tengesdal (#6288650)
Anthony M. DeLongis (#6326808)
BOLLINGER CONNOLLY KRAUSE LLC
500 West Madison Street #2430
Chicago, IL 60661
Ph: (312) 253-6200
Fax: (312) 253-6201
rtengesdal@bollingertrials.com
adelongis@bollingertrials.com

      I, Anthony M. DeLongis, being first duly sworn on oath, deposes and states that he is an attorney in the law firm appearing on behalf of Defendant therein, RICHARD CARLSON, and that he is informed as to the facts set forth in the foregoing Answer of said Defendant to the Plaintiff's Complaint. On the basis of said information he believes that the facts therein set forth are true and the allegations therein of want of knowledge to form a belief are true.

                                                            */s/Anthony M. DeLongis*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on September 23, 2019, I caused the foregoing document to be filed electronically with the Clerk of the Court through ECF and to be served upon all counsel of record by filing the same with the CM/EFC system.

      By:   */s/Anthony M. DeLongis*