# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

LAURIE ALBRIGHT,

Plaintiff,

v.

AMERICAN GREETINGS
CORPORATION, NEW
ALBERTSON'S INC. d/b/a JEWEL-
OSCO and RICHARD CARLSON,

Defendants.

Case No. 19-cv-4853

Judge Mary M. Rowland

## MEMORANDUM OPINION AND ORDER

Laurie Albright sues Jewel-Osco, American Greetings Corporation, and Richard Carlson for harassment and retaliation. She brings claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*., as well as state law claims for assault, battery, and negligence. New Albertson's Inc. d/b/a Jewel-Osco ("Jewel-Osco") has filed a partial motion to dismiss and American Greetings Corporation ("AGC") has requested the court to dismiss the case against it pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons explained below, the Court grants Jewel-Osco's motion to dismiss [20] and grants in part and denies in part AGC's motion to dismiss [23].

## I.   Background

Plaintiff Laurie Albright ("Albright") alleges that since 2013, she worked for AGC, a producer of greeting cards, wrapping paper, and decorations. (Dkt. 1, Compl. ¶¶ 14-15). Albright was a merchandiser responsible for managing products in various retail

1

stores. (*Id*. ¶1). One store where Albright was required to work was the Jewel-Osco in Lockport, Illinois. (*Id*. ¶16). While working there, Albright alleges she was sexually harassed and assaulted by a manager at the store, Richard Carlson ("Carlson"). (*Id*. ¶¶3, 5).[1]

On February 14, 2018, Carlson sexually assaulted Albright by touching her on her backside in a sexually suggestive way. (*Id*. ¶22). Albright reported to her supervisor at AGC the incident but alleges AGC did not take action and required her to report to work the next day. (*Id*. ¶¶22, 24). The next day, Carlson sexually assaulted Albright again by physically grabbing her from behind, spinning her around, and forcibly kissing her. (*Id*. ¶19). After these incidents, Albright reported Carlson's sexual assault to AGC and to the police. (*Id*. ¶27). Carlson pled guilty to criminal charges arising out of the sexual assault. (*Id*. ¶20). Albright claims that Jewel-Osco and AGC were put on notice by Albright and others that Carlson repeatedly harassed women who worked at the Jewel-Osco. (*Id*. ¶21). In addition, Albright alleges that AGC retaliated against her for reporting Carlson's misconduct by, among other things, negatively changing her work assignments and unfairly criticizing her work. (Compl. ¶28; Exh. A, EEOC Charge).

Based on these events, Albright filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) against Jewel-Osco and AGC. (*Id*. ¶53). On April 22, 2019, the EEOC issued a right to sue letter. (Compl. Exh. A)

---

[1] Albright describes Carlson as a "manager" at Jewel-Osco (*id*. ¶5) while Jewel-Osco describes him as a former "Assistant Store Director" (Dkt. 20 at 2-3). The Court takes Albright's allegation as true and to the extent this presents a factual dispute, the Court need not resolve it at this stage.

2

Albright filed the instant complaint on July 19, 2019. Jewel-Osco now moves to dismiss Counts I, II, and III of the Complaint. (Dkt. 20). (Jewel-Osco did not move to dismiss Count IV, the Title VII claim for sexual harassment). AGC moves to dismiss Counts III, IV, and V. (Dkt. 23).[2]

## II. Standard

A motion to dismiss tests the sufficiency of a complaint, not the merits of the case. *Gibson v. City of Chicago,* 910 F.2d 1510, 1520 (7th Cir. 1990). "To survive a motion to dismiss under Rule 12(b)(6), the complaint must provide enough factual information to state a claim to relief that is plausible on its face and raise a right to relief above the speculative level." *Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 333 (7th Cir. 2018) (quotations and citation omitted). *See also* Fed. R. Civ. P. 8(a)(2) (requiring a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief."). A court deciding a Rule 12(b)(6) motion accepts plaintiff's well-pleaded factual allegations as true and draws all permissible inferences in plaintiff's favor. *Fortres Grand Corp. v. Warner Bros. Entm't Inc.,* 763 F.3d 696, 700 (7th Cir. 2014). A plaintiff need not plead "detailed factual allegations", but "still must provide more than mere labels and conclusions or a formulaic recitation of the elements of a cause of action for her complaint to be considered adequate under Federal Rule of Civil Procedure 8." *Bell v. City of Chi.*, 835 F.3d 736, 738 (7th Cir. 2016) (citation and internal quotation marks omitted).

---

[2] Carlson answered the complaint on September 23, 2019. (Dkt. 19).

Dismissal for failure to state a claim is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558, 127 S. Ct. 1955, 1966 (2007). Deciding the plausibility of the claim is "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *McCauley v. City of Chi.*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 679, 129 S. Ct. 1937, 1950 (2009)).[3]

## III.   Analysis

The Complaint is pled in five counts: assault (Count I) against Carlson and Jewel-Osco, battery (Count II) against Carlson and Jewel-Osco, negligence (Count III) against AGC and Jewel-Osco, violation of Title VII of the Civil Rights Act (sexual harassment) (Count IV) against AGC and Jewel-Osco, and violation of Title VII (retaliation) (Count V) against AGC.

### A. Assault and Battery (Counts I and II)

Jewel-Osco moves to dismiss the assault and battery counts for two reasons: (1) they are preempted by the Illinois  Workers' Compensation Act (IWCA) (820 ILCS 305) and (2) Jewel-Osco cannot be vicariously liable for Carlson's conduct under the

---

[3] With regard to extrinsic evidence, courts normally do not consider such evidence without converting a motion to dismiss into one for summary judgment, however where a document is referenced in the complaint and central to plaintiff's claims, the Court may consider it in ruling on the motion to dismiss. *Mueller v. Apple Leisure Corp.,* 880 F.3d 890, 895 (7th Cir. 2018) ("This rule is a liberal one—especially where…the plaintiff does not contest the validity or authenticity of the extraneous materials."). This includes Albright's EEOC Charge because it is referenced in and attached to her complaint and central to her claims.

doctrine of *respondeat superior*. The Court agrees that Jewel-Osco cannot be vicariously liable as a matter of law for Albright's assault and battery claims.[4]

Albright's assault and battery claims against Jewel-Osco are based on a theory of *respondeat superior* liability for Carlson's conduct. (Compl. ¶¶ 33, 39). Under that theory in Illinois, "an employer can be liable for the torts of his employee when those torts are committed within the scope of the employment." *Adames v. Sheahan*, 233 Ill. 2d 276, 298, 909 N.E.2d 742 (2009). An employee's acts are within the scope of employment if the conduct: (1) "is of the kind he is employed to perform"; (2) "occurs substantially within the authorized time and space limits"; and (c) "is actuated, at least in part, by a purpose to serve the master." *Bagent v. Blessing Care Corp.*, 224 Ill. 2d 154, 164, 308 Ill. Dec. 782, 789 (2007).

Counts I and II are based in allegations of sexual assault and harassment. In Illinois, "sexual assault categorically is never within the scope [of employment]." *Martin v. Milwaukee Cty.*, 904 F.3d 544, 556 (7th Cir. 2018); *see also Deloney v. Bd. of Educ.*, 281 Ill. App. 3d 775, 783, 217 Ill. Dec. 123 (1996) ("generally, acts of sexual assault are outside the scope of employment."); *Doe v. City of Chi.*, 2020 U.S. Dist. LEXIS 59822, at *8 (N.D. Ill. Apr. 6, 2020); *Eiland v. B.E. Atlas Co.*, 2014 U.S. Dist. LEXIS 104285, at *12 (N.D. Ill. July 30, 2014) ("under Illinois law, acts of sexual assault and harassment do not fall within the scope of employment").[5] Although

---

[4] Because that issue is dispositive, the Court need not address whether these two claims are preempted by IWCA.

[5] The Court notes that exceptions to this general rule are not relevant here. *See Doe v. Roe*, 2013 U.S. Dist. LEXIS 77291 (N.D. Ill. May 17, 2013) (citing *Doe v. City of Chi.*, 360 F.3d 667, 671 (7th Cir. 2004)) (scope of employment as to employee police officer interpreted more

Albright is correct that often scope of employment is a fact question inappropriate for resolution at the motion to dismiss stage, as discussed, under Illinois law, sexual assault is outside of the scope of employment, and the case law Albright relies on does not state otherwise. (Dkt. 34 at 8-9).[6]

Therefore Counts I and II are dismissed with prejudice as to Jewel-Osco.

## B. Negligence (Count III)

Jewel-Osco moves to dismiss the negligence claim as preempted by the IWCA and by the Illinois Human Rights Act (IHRA) (775 ILCS 5/1-101). AGC makes those same arguments, and in addition, contends that because it did not employ Carlson, it had no affirmative duty, or ability, to control him.

The IWCA "is the exclusive remedy for accidental injuries transpiring in the workplace." *Nischan v. Stratosphere Quality, LLC*, 865 F.3d 922, 934 (7th Cir. 2017) (citing *Meerbrey v. Marshall Field & Co.*, 139 Ill. 2d 455, 564 N.E.2d 1222, 1225 (Ill. 1990). The exclusive remedy provision of the IWCA "imposes liability without fault upon the employer and, in return, prohibits common law suits by employees against the employer." *Meerbrey,* 139 Ill. 2d at 462. An employer "may raise the IWCA's exclusivity provisions as an affirmative defense." *Baylay v. Etihad Airways P.J.S.C.,*

---

broadly); *Dennis v. Pace Suburban Bus Serv.*, 2014 IL App (1st) 132397, ¶ 15, 385 Ill. Dec. 527, 533 (exception for common-carrier liability).

[6] *Gaffney v. City of Chi.*, 302 Ill. App. 3d 41, 43, 236 Ill. Dec. 40, 42 (1998) (negligent storage of weapon claim); *Pyne v. Witmer*, 129 Ill. 2d 351, 355, 135 Ill. Dec. 557, 559 (1989) (automobile accident case); *Coleman v. Smith*, 814 F.2d 1142, 1150-51 (7th Cir. 1987) (claim that police officers made false arrests and destroyed records); *Pantoja v. Vill. of Hoffman Estates,* 2005 U.S. Dist. LEXIS 44526 (N.D. Ill. Feb. 15, 2005) (claim that security guards physically assaulted patron).

881 F.3d 1032, 1039 (7th Cir. 2018). If the employer can establish the elements of the affirmative defense, the burden shifts to the plaintiff. *Id*.

To avoid the exclusive effect of the IWCA, a plaintiff must allege her injury: "(1) was not accidental, (2) did not arise from her employment, (3) was not received during the course of her employment, or (4) is not compensable under the Act." *Nischan,* 865 F.3d at 934 (internal citations and quotations omitted). Albright argues that her allegations satisfy the first exception—her injury was not "accidental". But "[c]laims for negligence are inherently claims for accidental injuries." *Phillips v. Exxon Mobil Corp.*, 2018 U.S. Dist. LEXIS 119687, at *9 (N.D. Ill. July 18, 2018) (citing *Arnold v. Janssen Pharmaceutica, Inc.*, 215 F. Supp. 2d 951, 957 (N.D. Ill. 2002) ("An act of negligence, even if committed by the employer itself, is 'accidental' for purposes of the IWCA.")). *See also Small v. Chi. Health Clubs*, 843 F. Supp. 398, 403 (N.D. Ill. 1994) ("The IWCA abrogated employer liability for common law negligence."). Because the Court finds Albright's negligence claim preempted by the IWCA, it need not address Defendants' other arguments.

Count III is dismissed with prejudice against both AGC and Jewel-Osco.

### C. Sexual Harassment (Count IV)

Title VII's antidiscrimination provision makes it "unlawful ... for an employer ... to discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). "An employer violates this provision when 'discrimination based on sex...create[s] a hostile or abusive work

7

environment.'" *EEOC v. Costco Wholesale Corp.*, 903 F.3d 618, 624 (7th Cir. 2018) (citation omitted). "To establish a hostile work environment claim, a plaintiff must show that she was (1) subjected to unwelcome sexual conduct, advances, or requests; (2) because of her sex; (3) that were severe or pervasive enough to create a hostile work environment; and (4) that there is a basis for employer liability." *Id.* at 625 (citation and quotations omitted). "[H]arassment which is 'sufficiently severe or pervasive to alter the conditions of . . . employment' is actionable under Title VII." *Porter v. Erie Foods Int'l, Inc.*, 576 F.3d 629, 635 (7th Cir. 2009) (citation omitted).

Albright alleges that she was subjected to sexual harassment and a hostile work environment based on her sex (female). (Compl. ¶ 57). AGC makes three arguments in support of dismissal of Count IV: (1) there is no basis for employer liability against it; (2) Albright failed to allege an objectively hostile work environment; and (3) Albright did not plead facts to establish that Carlson's conduct was based on her gender.

AGC does not dispute that it was Albright's employer. But it makes several arguments to challenge liability. AGC argues that it cannot be liable because Carlson was not an ACG employee. However, "an employer can be liable for a hostile work environment that results from the acts of *non-employees*." *Costco Wholesale Corp.*, 903 F.3d at 624 (emphasis added); *see also Dunn v. Wash. Cty. Hosp.*, 429 F.3d 689, 691 (7th Cir. 2005) (in Title VII case, "[a]bility to 'control' the actor plays no role."). Similarly, AGC asserts that it cannot be liable because Carlson was not Albright's supervisor. That argument is not persuasive at this stage because it goes to whether

8

strict liability is triggered under Title VII, not whether AGC can be liable at all. *See Nischan,* 865 F.3d at 930 (distinguishing between strict liability and negligence theories under Title VII).

And AGC's argument that it did not control Jewel-Osco's premises is also unconvincing. Albright has pled that she was required to work at the Jewel-Osco store by AGC and was assaulted and harassed while she was providing services to both AGC and Jewel-Osco. (Compl. ¶¶ 5, 16). Even after complaining to her AGC supervisor about being a victim of sexual assault, AGC did not take action and required her to return to work at the same location the next day. (*Id*. ¶¶ 22, 24). She alleges that both AGC and Jewel-Osco had control over the conditions of her employment and could have taken corrective measures but did not. (*Id*. ¶¶ 17, 24-25). These allegations, viewed in Albright's favor, are sufficient to state a claim for hostile work environment against AGC. *See Brown v. Cook Cty.,* 2018 U.S. Dist. LEXIS 106746, at *35-36 (N.D. Ill. June 26, 2018) ("The plaintiffs have alleged sufficient factual matter to state a plausible Title VII hostile work environment claim…The question of whether either [defendant's] response to this problem or her purported inability to control conditions in the jail and lockups absolves her of liability is better left for a later day.").

As to AGC's argument that Albright failed to plead that she was subjected to an objectively hostile work environment, the Court disagrees. The determination of a hostile work environment is both subjective and objective. *See Hrobowski v. Worthington Steel Co.*, 358 F.3d 473, 477 (7th Cir. 2004). Albright alleges that she

was targeted because she was female. She alleges two specific incidents in which Carlson sexually assaulted her, as well as repeated unwanted harassment toward female workers at the Jewel-Osco store. She also alleges that after complaining about the first sexual assault, AGC required her to return to work the next day, when she experienced the second sexual assault by Carlson. Albright alleges she suffered injury to her career and other injuries. (Compl. ¶58).

These allegations are sufficient at this stage. *See Tamayo v. Blagojevich*, 526 F.3d 1074, 1085 (7th Cir. 2008) ("In these types of cases, the complaint merely needs to give the defendant sufficient notice to enable him to begin to investigate and prepare a defense."). It would be premature to attempt to evaluate "all the circumstances" to determine if the behavior was in fact severe or pervasive enough to create a hostile work environment. *Costco Wholesale Corp.*, 903 F.3d at 625. *See also Clark v. Law Office of Terrence Kennedy, Jr.*, 709 F. App'x 826, 828 (7th Cir. 2017) ("The pleading requirement for employment-discrimination claims is minimal"). And many of the cases AGC relies on were decided on summary judgment or at trial, not at the pleading stage. *See e.g. Swyear v. Fare Foods Corp.*, 911 F.3d 874 (7th Cir. 2018); *Passananti v. Cook Cty.*, 689 F.3d 655 (7th Cir. 2012); *Roby v. CWI, Inc.*, 579 F.3d 779 (7th Cir. 2009); *Adusumilli v. City of Chi.*, 164 F.3d 353 (7th Cir. 1998).

In addition, AGC's contention that Albright does not rely on her EEOC Charge to support her claims (Dkt. 35 at 7) is directly contradicted by the Complaint, *see e.g.* Compl. ¶¶ 55, 57, 60, Exh. A. Moreover, AGC did not make this argument in its motion to dismiss so the Court considers it waived. *United States v. Adamson*, 441

F.3d 513, 521 n.2 (7th Cir. 2006) ("Arguments made for the first time in a reply brief are waived."); *see also Harper v. Wexford Health Sources, Inc.*, 2017 U.S. Dist. LEXIS 95431, at *10 (N.D. Ill. June 21, 2017).

Finally AGC contends that Albright did not allege facts to establish that Carlson's conduct was based on her gender. However, Albright alleged that she was sexually assaulted and harassed because she was female and other female employees at that Jewel-Osco store were targeted as well, and AGC was on notice that Carlson engaged in unwanted sexual conduct toward female workers. The *only* plausible inference is that these conditions created a hostile work environment that Albright was subjected to because of her gender. Her Title VII claim does not require more at this stage. *See Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015) (describing the Title VII pleading standard as "undemanding"); *Huri v. Office of the Chief Judge of the Circuit Court of Cook Cty.*, 804 F.3d 826, 834 (7th Cir. 2015) (Title VII pleading standard is "of course, different from the evidentiary burden a plaintiff must subsequently meet.").

### D. Retaliation (Count V)

"To plead a Title VII retaliation claim, a plaintiff must (though she need not use the specific terms) allege that she engaged in statutorily protected activity and was subjected to adverse employment action as a result of that activity. In the retaliation context, 'adverse employment action' simply means an employer's action that would dissuade a reasonable worker from participating in protected activity." *Huri*, 804 F.3d at 833 (citation omitted). AGC argues that Albright cannot state a claim for

11

retaliation because she "cannot establish that she reported an unlawful employment practice to AGC", she failed to plead that she suffered an adverse employment action and also because Carlson was not an employee of AGC and his conduct was isolated.

AGC cites no authority to support its position that Albright's report of Carlson's sexual assault to AGC and the police (which she specifically alleges in the complaint, Compl. ¶27), is not protected activity. Indeed the case law holds otherwise. *See Rizzo v. Sheahan*, 266 F. 3d 705, 715 (7th Cir. 2001) (plaintiff engaged in activity protected by statute when she filed an internal sexual harassment complaint); *Brooks v. FedEx Supply Chain, Inc.*, 2019 U.S. Dist. LEXIS 66362, at *15 (S.D. Ill. Apr. 18, 2019).

With regard to adverse employment action, Albright does not provide additional detail beyond her allegation that she received "worse work assignments" and her work was unfairly critiqued. (Compl. ¶28). Nevertheless, these allegations are sufficient at this stage. *See Lavalais v. Vill. of Melrose Park*, 734 F.3d 629, 635 (7th Cir. 2013) ("Although the complaint does not provide a lot of factual detail, given the uncomplicated nature of [plaintiff's] race discrimination claim, the allegations are sufficient to plead that the denial of a transfer from the midnight shift as well as [plaintiff's] treatment on that shift are materially adverse employment actions.").[7]

As to AGC's contention that Carlson was not an AGC employee, the Court addressed that argument, above.

---

[7] Proving retaliation will require Albright to show a "*significant* alteration to [her] duties." *Robertson v. Wis. Dep't of Health Servs.*, 949 F.3d 371, 382 (7th Cir. 2020) (citation omitted) (emphasis in original).

Finally, to conclude that Carlson's conduct was "isolated" in light of Albright's allegations that she was repeatedly subjected to a hostile work environment by Carlson over the course of several months and Carlson "repeatedly engaged in unwanted harassment toward female workers at the Jewel-Osco" (Compl., Exh. A, EEOC Charge) would run afoul of the well-established law that the Court accept as true all of plaintiff's well-pleaded facts in the complaint and draws all permissible inferences in plaintiff's favor. *See e.g., Fortres,* 763 F.3d at 700.

## IV. Conclusion

For the stated reasons, Defendant Jewel-Osco's motion to dismiss [20] is granted and Defendant American Greetings Corporation's motion to dismiss [23] is granted in part and denied in part. Counts I and II are dismissed with prejudice as to Jewel-Osco. Count III is dismissed with prejudice in its entirety. Count IV remains pending against both Jewel-Osco and AGC. Count V is pending against AGC.

Albright has requested leave to replead (Dkt. 34 at 17). However, Albright has not explained how she can cure the defects related to the issues of *respondent superior* liability and IWCA preemption, and the Court does not see how that can be done. *See Haywood*, 887 F.3d at 335; *Campos v. Cook Cty*., 932 F.3d 972, 977 (7th Cir. 2019) ("[plaintiff] did not state claims upon which relief could be based, and a district court need not grant leave to amend if there doesn't seem to be a plausible way to cure the defects."). Therefore Albright is not permitted to replead the assault and battery claims as to Jewel-Osco, and negligence claim as to Jewel-Osco or AGC.

Defendants Jewel-Osco's and American Greetings Corporation's answers to the remaining counts must be filed on or before July 10, 2020. On or before August 14, 2020, parties shall file a joint written status report setting forth a reasonable remaining discovery schedule including MIDP obligations and indicating whether a referral for a settlement conference would be productive.

E N T E R:

Dated: June 18, 2020

_____

MARY M. ROWLAND
United States District Judge

14